**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERIN DEAN RIEMAN,

          Petitioner-Appellant,

  v.

MARGARET GILBERT,

          Respondent-Appellee.

No.   20-35463

D.C. No. 3:16-cv-05250-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted September 3, 2021
Seattle, Washington

Before:  HAWKINS and McKEOWN, Circuit Judges, and RAKOFF,[**] District
Judge.

Erin Rieman appeals the district court's denial of his 28 U.S.C. § 2254

habeas petition challenging his first-degree manslaughter conviction by plea under

*North Carolina v. Alford*, 400 U.S. 25 (1970).  The parties are familiar with the

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

facts so we do not repeat them here. We have jurisdiction under 28 U.S.C. § 2253 and review de novo the district court's dismissal and its findings of fact for clear error. *Griffin v. Johnson*, 350 F.3d 956, 960 (9th Cir. 2003). We affirm.

To pass through the "gateway . . . to have his otherwise barred constitutional claim considered on the merits," Rieman must furnish "new reliable evidence" showing that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 315, 324, 327 (1995). Although the new evidence concerning Walter Bremmer is troubling, Rieman has not met the *Schlup* standard. Reasonable jurors might view Rieman's new testimony, inconsistencies in Bremmer's testimony, and Bremmer's history of violence and strangulation and conclude that Rieman was not guilty beyond a reasonable doubt. However, it is not more likely than not that *no* reasonable juror would have convicted Rieman. *See Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008) ("[T]he miscarriage of justice exception is limited to those *extraordinary* cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt." (emphasis in original)).

In particular, the prosecution originally charged Rieman as a principal or accomplice with second-degree intentional and felony murder. The evidence does not establish that it is more likely than not that no reasonable juror would have

2

convicted Rieman *as an accomplice* because, based on the testimony of both Bremmer and Rieman, jurors could have believed that the two men killed Adkins together. *See* Rev. Code Wash. 9A.08.020 (accomplice liability); *Jaramillo v. Stewart*, 340 F.3d 877, 883 (9th Cir. 2003) ("[W]here the State has foregone more serious charges in the course of plea bargaining, the petitioner's burden of demonstrating actual innocence must also extend to the more serious charges.").

Because Rieman has not shown actual innocence, he has not avoided the federal statute of limitations nor excused his state procedural default. *See Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (en banc). We do not need to reach the merits of Rieman's involuntary plea claim or decide whether 28 U.S.C. § 2254 bars review of the claim.

**AFFIRMED**.